UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
                                                              :
                                                              :    **MEMORANDUM AND ORDER**
In Re: Child Victims Act Cases Removed From                   :
State Court                                                   :    23-CV-4761, 23-CV-4893,
                                                              :    23-CV-4971, 23-CV-5026,
                                                              :    23-CV-5104, 23-CV-5113,
                                                              :    53-CV-5134, 23-CV-5199
                                                              :
                                                              :
                                                              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court are eight cases brought under the New York Child Victims Act, each alleging sexual abuse against persons associated with the defendants and the Diocese of Rockville Centre.  The plaintiffs brought approximately 220 of these cases in New York state courts, asserting solely state law claims.  The defendants removed all of them to the Eastern District of New York, on the theory that they are "related to" a bankruptcy case, which is proceeding in the Southern District of New York.  28 U.S.C. § 1334.  The defendants argue that removal will allow for an efficient transfer of the cases to the Southern District.  The plaintiffs move to remand to state court.

      The Diocese is the debtor in the bankruptcy proceedings.  However, the defendants argue that they "are co-insured entities under the Diocese's insurance policies, and any damages for which [they] might become liable could therefore diminish those insurance policies, which are the property of the Diocese's estate."  *See In re: Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4741, 2023 WL 5287067, at *5 (E.D.N.Y. Aug. 17, 2023).  The Diocese has filed a motion to consolidate these cases under 28 U.S.C. § 157(b)(5), which authorizes

consolidation of personal injury claims in the district court in which a debtor's bankruptcy case is pending. That motion is currently pending in the Southern District before Judge Lorna Schofield. The defendants request that the Court deny the plaintiffs' motions to remand or, at the very least, hold them in abeyance until Judge Schofield rules on the Diocese's motion.[1]

Six of my colleagues in this District have granted similar plaintiffs' motions and have remanded 129 cases to state courts. Their reasoning is persuasive. Accordingly, I grant the plaintiffs' motions for substantially the same reasons set forth in Judge Hector Gonzales's opinion in *Child Victims Act Cases*, 2023 WL 5287067, and Judge Gary Brown's opinion in *In re: Child Victims Act Cases Removed from State Ct.*, No. 23-CV-05029, 2023 WL 5123396 (E.D.N.Y. Aug. 10, 2023).[2] Like Judges Gonzalez and Brown, I conclude that these cases are not "core" Bankruptcy Code proceedings; rather, they are "related to" a case pending under the Bankruptcy Code. Therefore, mandatory abstention applies under 28 U.S.C. § 1334(c)(2). The defendants' argument that their cases fall under the exception to mandatory abstention in 28 U.S.C. § 157(b)(4) is not convincing. That provision applies only to "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the

---

[1] The plaintiff in *Eaton v. St. Barnabas*, No. 23-CV-04893, has not yet moved to remand, but he filed a letter requesting a pre-motion conference on his anticipated motion to remand, raising the same issues as the other plaintiffs' motions. (ECF No. 10.) The defendant has not filed a response, although my Individual Rules call for a response "within seven days." Rule 4.A. However, the defendant in the *Eaton* case is represented by the same counsel as the defendants in two other Child Victims Act cases pending before me. Counsel has filed substantially identical memoranda in opposition in those two cases. Accordingly, I see no need to defer the resolution of these cases until the defendant responds in the *Eaton* case. *See In re: Child Victims Act Cases*, 2023 WL 5287067, at *1 n.1 (reaching the same conclusion).

[2] *See In re: Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4723, 2023 WL 5587623, at *2 (E.D.N.Y. Aug. 29, 2023) (Chen, J.); *In re Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4789, 2023 WL 5436138, at *1 (E.D.N.Y. Aug. 23, 2023) (Ross, J.); *In re: Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4782, ECF No. 13 at 1 (Gujarati, J.); *In re: Child Victims Act Cases Removed from State Ct.*, No. 23-CV-4584, ECF No. 13 at 1 (Azrack, J.) (all incorporating Judge Gonzales's and Judge Brown's opinions by reference).

2

estate." 28 U.S.C. § 157(b)(2)(B).  The bankruptcy judge has already determined that these lawsuits are not claims against the Diocese's estate and that the defendants do not have a viable claim for indemnification against the Diocese, so the exception does not apply.  *Child Victims Act Cases*, 2023 WL 5287067, at *6 (citing *In re Roman Cath. Diocese of Rockville Ctr., New York*, 651 B.R. 622, 644–45, 657–58 (Bankr. S.D.N.Y. 2023)).  In any event, remand is appropriate under the doctrines of permissive abstention, *see* 28 U.S.C. § 1334(c)(1), and equitable remand, *see* 28 U.S.C. § 1452(b).

Moreover, the bankruptcy proceeding has already caused significant delays, and any further obstruction of state court actions will only make it more difficult for the plaintiffs to prove their claims.  *See Child Victims Act Cases*, 2023 WL 5123396, at *3.  A stay pending the resolution of the Diocese's motion in the Southern District is therefore not warranted, and the cases are remanded.

## CONCLUSION

The plaintiffs' motions to remand are granted.  The cases listed in the caption are hereby remanded.  The Clerk of Court is respectfully directed to close these cases and to mail a copy of this order to the New York State Supreme Courts in Nassau and Suffolk Counties.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      September 5, 2023